NORTHCUTT, Judge.
The State challenges the trial court’s suppression of statements made by the appellee after he equivocally asserted his rights during an interview with a police detective. When the trial court excluded the statements, it did not have the benefit of the Florida Supreme Court’s decision in State v. Owen, 696 So.2d 715 (Fla.1997), cert. denied, Owen v. Florida, — U.S. -, 118 S.Ct. 574, 139 L.Ed.2d 413 (1997). We reverse because in Owen, the Supreme Court ruled that the police have no obligation to clarify a suspect’s equivocal or ambiguous request for counsel before continuing to question him. 696 So.2d at 717. The trial court correctly determined that the appellee’s request was equivocal, but under the new legal standard we must reverse the suppression of the ap-pellee’s statements.
Reversed and remanded for further proceedings.
BLUE, A.C.J., and FICARROTTA, GASPER J., Associate Judge, concur.